IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES W. RANDALL, JR., )
        Plaintiff, )
  -vs- ) Civil Action No. 14-838
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 11 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since October 1, 2009. (ECF No. 6-6, pp. 2, 4). Administrative Law Judge ("ALJ"), Brian W. Wood, held a hearing on October 16, 2012. (ECF No. 6-2, pp. 28-72). On February 13, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 15-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II.　LEGAL ANALYSIS

### A.　Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Opinion Weight

Plaintiff first argues that the ALJ erred in failing to give weight to the opinion of Dr. Shahoud and the opinion of consultative psychiatric examiner, Dr. Eisler. (ECF No. 9, pp. 10-13; No. 12, pp. 1-4). Additionally, Plaintiff submits that the ALJ improperly interpreted the treatment records from Family Psychological Association and that he failed to comment on Plaintiff's GAF of 50. *Id.* As a result, Plaintiff argues remand is warranted. *Id.*

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's]

3

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff summarily makes conclusions, without reference to any specific bases, that the ALJ erred in his treatment of the opinions of Dr. Eisler and Dr. Shahoud and the records from Family Psychological Associates. (ECF No. 9, pp. 10-13; No. 12, pp. 1-4). Consequently, I find Plaintiff's argument to be underdeveloped. Nonetheless, I have reviewed the record and, based on the same, I find the reasons given by the ALJ in weighing the opinions of Dr. Eisler and Dr. Shahoud and the records from Family Psychological Associates to be appropriate and sufficiently explained. (ECF No. 6-2, pp. 15-25); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Furthermore, I find the ALJ's determination is sufficient such that I can make a proper and meaningful review. Moreover, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 6-2, pp. 15-25). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not

4

warranted on this basis.[1]

### C. Residual Functional Capacity ("RFC")[2]

Plaintiff next argues that the ALJ improperly determined Plaintiff's RFC. (ECF No. 9, pp. 13-15; No. 12, pp. 4-5). In support of thereof, however, Plaintiff's entire argument is that there is substantial evidence to support that he is not able to mentally do the work set forth in the ALJ's RFC finding. *Id.* The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is entirely misplaced. Nonetheless, I have reviewed the record and based on the same, I find there is substantial evidence of record to support the ALJ's RFC determination.[3] (ECF No. 6-2, pp. 15-25). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### D. Vocational Expert

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 9, pp. 15-16; No. 12, pp. 4-5). I disagree. An ALJ is required to accept only that testimony from the vocational expert

---

[1] Plaintiff makes a quick reference suggesting that the ALJ failed to make a comment about a global assessment of functioning ("GAF") score of 50 made by Dr. Shahoud on March 8, 2011. (ECF No. 9, p. 12; No., 12, p. 3). After a review of the record, however, I disagree. The ALJ specifically considered and referenced Plaintiff's GAF score of 50 from Dr. Shahoud. (ECF No. 6-2, p. 23 – Exhibit 2F/4, No. 6-8, p. 19). Consequently, I find no merit to this argument.

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found Plaintiff has the RFC to perform light work with the following exceptions: "[H]e requires a sit/stand option every 30 minutes. He can never climb ladders, ropes, and scaffolds. He can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to extreme cold. He is able to perform simple, routine, repetitive tasks. He requires low stress work, defined as occasional simple decision-making and occasional changes in the work setting. He cannot work in a fast-paced production environment. He can have occasional interaction with coworkers and supervisors and occasional interaction with the public. He requires access to a restroom." (ECF No. 6-2, p. 20).

which accurately reflects a plaintiff's impairments.  See, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.  (ECF No. 6-2, pp. 15-25).  Consequently, I find no error in this regard.

    An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES W. RANDALL, JR.,  )
      )
    Plaintiff,  )
      )
  -vs-  )    Civil Action No. 14-838
      )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
      )
    Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 19th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
         Donetta W. Ambrose
         United States Senior District Judge